IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CR-24-FL-1
No. 4:12-CV-80-FL

| | |
|---|---|
| ANTWAINE TACOMA JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 23), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government has filed a motion to dismiss (DE 26), to which petitioner has responded. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation (M&R) wherein it is recommended that the court dismiss petitioner's motion to vacate. (DE 33). Petitioner filed objections to the M&R. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling.[1] For the reasons stated below, the court adopts the recommendation of the magistrate judge, and dismisses petitioner's motion.

**BACKGROUND**

On June 2, 2008, petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute more than fifty (50) grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1)

---

[1] Also pending in the criminal case only is an unrelated motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (DE 31), which the court will address by separate order.

and 846. On December 11, 2008, petitioner was sentenced to a term of 183 months imprisonment. Petitioner did not file a direct appeal. On May 2, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his sentence enhancement as a career offender was erroneous in light of Simmons. The government contends that petitioner's motion is untimely and barred by the waiver in his plea agreement, among other grounds.

## DISCUSSION

A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. Miller does not change the conclusion that petitioner's motion is untimely. See Miller, 735 F.3d at 143 (noting that government waived statute of

2

limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Petitioner contends, nonetheless, that equitable tolling is warranted. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). A petitioner is "only entitled to equitable tolling if he presents . . . extraordinary circumstances" preventing him from timely filing. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

Petitioner argues that equitable tolling should apply because Miller announced a new rule of substantive law that is retroactively applicable on collateral review. He suggests it is wholly arbitrary and a "miscarriage of justice" to treat his Simmons claim as untimely solely because the Fourth Circuit, rather than the Supreme Court, recognized the new rule of substantive law.

Accepting petitioner's argument, however, would render the limitations rule in (f)(3), and the court's ruling in Powell, meaningless. In addition, no "miscarriage of justice" has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent the career offender enhancement. See Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part).

Accordingly, the court declines to apply equitable tolling and dismisses petitioner's motion as untimely.

B. Plea Waiver

The government also argues that petitioner's § 2255 motion is barred by the waiver in his plea agreement. The court must enforce a waiver in a plea agreement "if it is valid and the issue

3

appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a Simmons claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding. Id. at 525 & 529.

Petitioner does not contend that his waiver was invalid due to any defect in the Rule 11 colloquy. Rather, he suggests that he did not knowingly and voluntarily waive his rights to bring a collateral attack based upon Simmons, because neither party had any reason to believe that the substantive law would change under Simmons. He also contends his Simmons claim falls outside of the scope of the plea waiver because his improper sentence constitutes a miscarriage of justice. Both arguments are foreclosed by Copeland, where the court confirmed that a defendant "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law," and that an "illegal" sentence permitting an appeal waiver must be a "sentence imposed in excess of the maximum penalty provided by statute." 707 F.3d at 529 & 530; see also United States v. Jones, No. 12-7600, 2014 WL 68607 *1 (4th Cir. Jan. 9, 2014) (plea waiver barred collateral attack based on Simmons, despite decision in Miller).

Accordingly, the court must dismiss petitioner's Simmons claim as barred by the waiver in his plea agreement.

4

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on whether the petition is untimely and on whether the petition is barred by the plea waiver, in light of the Fourth Circuit's decision in Miller. See Jones, 2014 WL 68607 *1 (expanding certificate of appealability to cover both timeliness and waiver issues, following Miller).

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge, GRANTS the government's motion to dismiss, and DISMISSES petitioner's motion to vacate. A certificate of appealability is GRANTED on the terms set forth herein.

SO ORDERED, this 21st day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

5

Case 4:08-cr-00024-FL   Document 39   Filed 01/21/14   Page 5 of 5